IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. C-12-003-1 |
| | § | |
| KEITH ROSS THOMPSON | § | |
| | § | |

## ORDER

Pending before the Court is Keith Ross Thompson's motion for judgment *nunc pro tunc* in which he seeks credit for time spent in federal custody after his arrest. (D.E. 60). Because the motion should be brought pursuant to 28 U.S.C. § 2241, which requires that Thompson exhaust his administrative remedies before bringing the petition and requires that the petition be brought in the district in which he is incarcerated, the Court dismisses the motion without prejudice to refiling.

Thompson was indicted in January 2012 in a multi-count indictment for felon in possession of a firearm and possession of a short barreled shotgun. (D.E. 1). At the time of his indictment, he was in state custody. He was brought to federal court pursuant to a Writ of Habeas Corpus ad Prosequendum for his appearance on January 17, 2012. (Minute Entry, Jan. 17, 2012). Thompson pled guilty to Count One pursuant to a plea agreement with the government and was sentenced to 51 months in the Bureau of Prisons, to be followed by three years supervised release. (D.E. 27, 50).

1

Thompson filed his motion seeking credit on his federal sentence for the period between January 11, 2012, to August 6, 2012, through his request for judgment nunc pro tunc.  (D.E. 60).  The Judgment does not state the period of time for which Thompson should receive sentencing credit.   A judgment nunc pro tunc pursuant to Rule 36 is designed to allow the Court to correct clerical errors in the judgment.   Fed. R. Crim. P. 36.   There is no such clerical error in this judgment.

Because Thompson seeks sentencing credit from the Bureau of Prisons, the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241.   *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

Additionally, a challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241, *must* be filed in the district where the defendant is incarcerated.   *See Pack*, 218 F.3d at 451. The return address on Thompson's current motion reflects that he is incarcerated in Big Spring, Howard County, Texas, which is located in the Northern District of Texas, Abilene Division. 28 U.S.C. § 124(a)(3).   Thus, assuming Thompson remains incarcerated in Big Spring, Texas, he should file any § 2241 petition in that court,

*after first exhausting his administrative remedies.*[1]   Although his motion is dismissed, today's order does not adjudicate the merits of Thompson's § 2241 complaints.

For the foregoing reasons, Thompson's motion (D.E. 60) is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED this _____ day of __1 | 6 | 14_____ 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1]   The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992).